ANDREWS, Judge.
This is an appeal by defendant, Earl Fair-cloth, Attorney General of Florida, from a final declaratory decree in favor of the plaintiffs, Central Florida Fair, Inc. and James E. Strates Shows, Inc.
The question presented to the trial court was whether or not certain games enumerated in F.S.A. § 616.091 constitute gambling. The trial judge held that the legislature had determined them to be games of skill and, accordingly, not within the area of proscription by the Florida gambling statutes.
Gambling, while regulated by statute, is not prohibited by the Florida Constitution, although lotteries are. Fla.Const., art. III, § 23, F.S.A. A survey of F.S.A. ch. 849 reveals that, with one exception, the pro *609 hibited activities involve games of chance. See, e.g., F.S.A. §§ 849.04, 849.08, 849.11. The exception is § 849.14 which declares it unlawful to bet on the result of a trial or contest of skill. The questions for our determination are (1)- are the games enumerated ones of skill or chance and (2) if the former, are they nevertheless prohibited by F.S.A. § 849.14?
There is evidence of a legislative distinction between games of chance, which are prohibited, and games of skill, which are not. F.S.A. §§ 20S.322 and 205.60 impliedly recognize the legitimacy of games of skill by providing licensing requirements. The same chapter, in F.S.A. § 205.21, indicates the existence of the distinction by .specifically providing that the section was in no way to be regarded as authorizing “the use of any game or device for gambling, or as a game of chance.”
Turning to F.S.A. ch. 616, we again observe the legislature carefully stating that it was not authorizing “any gambling or game of chance * * * in violation of the criminal laws of the state”. F.S.A. § 616.09. What then is the import of F.S.A. § 616.091, which lists some twenty-three games and provides certain standards therefor? Keeping in mind the persistent legislative warnings that it was not authorizing games of chance, we conclude that the legislature did not contemplate that the enumerated games were games of chance when played at public fairs and expositions organized and operated under the provisions of F.S.A. ch. 616.
As a corollary we find the legislature was saying that these specified games were, prima facie, games of skill thereby impliedly answering our first question.
We turn next to F.S.A. § 849.14 which prohibits betting on the result of a trial or contest of skill. It is the defendant’s contention that the playing of these midway games falls unquestionably within the bounds of this provision, Defendant’s position is arguable. But the more logical interpretation is that the legislature intended by enacting F.S.A. § 849.14 to proscribe “wagering” on the results of ball games, races, prize fights and the like as opposed to “playing” games of skill for prizes. For example, two men would be prohibited from betting on the result of one of the games of skill set out in F.S.A. § 616.091. To adopt defendant’s construction we would have to find all contests of skill or ability in which there is an entry fee and prizes to be gambling. The list could be endless: golf tournaments, dog shows, beauty contests, automobile racing, musical competition, and essay contests, to name a few. No one seriously considers such activities to be gambling. Defendant himself recognizes this in Op.Atty.Gen. 066-41 in which he finds golf tournaments and bowling tournaments to lack the element of a wager. The divergent treatment of games of skill at a fair and a golf tournament is a distinction without a difference.
There is a further basis for our decision, suggested ironically by the defendant himself. As suggested, we discard the mantle of naivete and recognize that, if these midway games do come within the gambling laws, they have nevertheless been played throughout the state for years with the knowledge and consent of public officials, law enforcement officers and state legislators. We will not adopt an unnecessarily strict and artificial construction of our statutes which will result .in further hypocritical noncompliance with our gambling law. See Berry, Spirits of the Past— Coping With Old Laws, 19 U.Fla.L.Rev. 24 (1966). Also see State v. Wood, Miss.1966, 187 So.2d 820, upholding the right of a state to impose a tax upon an illegal activity.
Accordingly, we hold that the games enumerated in F.S.A. § 616.091 are not per se games of chance and are not per se violative of our gambling laws. This conclusion does not preclude appropriate proceedings if at any time these games are operated in such a manner as to depart from *610 the standards set out in F.S.A. ch. 616, or if they are so manipulated as to cease to be games of skill.
Affirmed.
CROSS, J., and WILLIAMS, O. EDGAR, JR., Associate Judge, concur.