The Honorable Lawson Lamar State Attorney for the Ninth Judicial Circuit of Florida Post Office Box 1673 Orlando, Florida 32802
Dear Mr. Lamar:
You ask the following question:
Whether a contest of skill, such as a hole-in-one golf contest, where contestants pay an entry fee, which does not directly make up the prize, for the opportunity to win a valuable purse or prize, violates the gambling laws of this state?
In sum, I am of the opinion:
A contest of skill, such as a hole-in-one golf contest, where the contestants pay an entry fee, which does not directly make up the prize, for the opportunity to win a valuable prize by the exercise of skill does not violate the gambling laws of this state.
As you note, Florida's gambling laws generally apply to games of chance and not to contests of skill. For example, s. 849.09, F.S., prohibits lotteries, other than those operated by the state.[1]
While the term is not defined, it has generally been held by the courts to include three elements: 1) a prize, 2) awarded by chance, 3) for consideration.[2]
While the elements of a prize and consideration are present in a contest of skill in which the contestants pay an entry fee for the opportunity to win, it is the skill of the contestant, rather than chance, that is the predominant element in the selection of the winner. This office has stated that contests in which the skill of the contestant predominates over the element of chance do not constitute lotteries.[3]
Section 849.14, F.S., however, makes it unlawful to "stake, bet or wager" money or other thing of value on the result of any trial or contest of skill.[4] In an early decision considering the state's gambling statutes, The Supreme Court of Florida found a violation of law in both games of chance and contests of skill where wages, bets or money were at stake, regardless of "whether the parties betting be the actors in the event upon which their wager is laid or not . . . ."[5]
Subsequently, the Court in Pompano Horse Club v. State,[6]
discussed the difference between a "purse, prize or premium" and a "stake, bet or wager," stating that in the former, the person offering the prize or purse "has no chance of gaining back the thing offered but, if he abides by his offer, he must lose it, whereas in the latter each party interested therein has a chance of gain and suffers a risk of loss."
In Creash v. State,[7] the Court again considered the terms "stake, bet or wager," for purposes of the state's gambling laws, stating:
In gamblers' lingo, "stake, bet or wager" are synonymous and refer to the money or other thing of value put up by the parties thereto with the understanding that one or the other gets the whole for nothing but on the turn of a card, the result of a race, or some trick of magic. A "purse, prize, or premium" has a broader significance. If offered by one (who in no way competes for it) to the successful contestant in a fete of mental or physical skill, it is not generally condemned as gambling, while if contested for in a game of cards or other game of chance, it is so considered. . . . It is also banned as gambling if created . . . by paying admissions to the game . . . or otherwise contributing to a fund from which the "purse, prize, or premium" contested for is paid, and wherein the winner gains, and the other contestants lose all. (e.s.)
There is no evidence that the sponsor of the contest of skill in your inquiry competes for the prize. In addition, your letter indicates that the entry fees do not make up the prize and that the prize is not contingent on the amount of funds earned from the contest entry fees; rather the prize money is paid out of general assets of the sponsor of the contest. Thus, the payment of an entry fee to participate in the contest of skill when the sponsor of the contest does not participate and where the prize money does not consist of entry fees would not appear to be a "stake, bet or wager."[8]
In Faircloth v. Central Florida Fair, Inc.,[9] the court considered the application of s. 849.14, F.S., to the players of games of skill for prizes:
We turn next to F.S.A. s. 849.14 which prohibits betting on the result of a trial or contest of skill. It is the [Attorney General's] contention that the playing of [games of skill] falls unquestionably within the bounds of this provision. Defendant's position is arguable. But the more logical interpretation is that the legislature intended by enacting F.S.A. s. 849.14 to proscribe "wagering" on the results of ball games, races, prize fights and the like as opposed to "playing" games of skill for prizes. . . . To adopt defendant's construction we would have to find all contests of skill or ability in which there is an entry fee and prizes to be gambling. The list could be endless: golf tournaments, dog shows, beauty contests . . . to name a few. No one seriously considers such activities to be gambling. . . .[10]
As the court noted, however, there may be instances in which so-called games of skill are manipulated so as to cease to be games of skill. In such cases, the gambling laws of this state would be implicated. There is no indication in your letter, however, that such is the case in your inquiry.
Accordingly, I am of the opinion that a contest of skill, such as a hole-in-one golf contest, where the contestant pays an entry fee, which does not make up the prize, for the opportunity to win a valuable prize by the exercise of skill, does not violate the gambling laws of this state. To the extent that previous opinions of this office may be inconsistent with the conclusion reached herein, they are hereby modified.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Sections 7 and 15, Art. X, State Const. 
[2] See, Little River Theatre Corporation v. State ex rel. Hodge,185 So. 855 (Fla. 1939); Dorman v. Publix-Saenger-Sparks Theatres,184 So. 886 (Fla. 1938).
[3] See, AGO's 90-35 and 55-189. Cf., AGO 89-5 concluding that a crane game in which the element of chance predominated over the skill of the player constitutes a slot machine in violation of Ch.849, F.S.
[4] Section 849.14, F.S., provides in part:
Whoever stakes, bets or wagers any money or other thing of value upon the result of any trial or contest of skill, speed or power or endurance of man or beast . . . or whoever knowingly becomes the custodian or depositary of any money or other thing of value so staked, bet, or wagered upon any such result . . . shall be guilty of a misdemeanor . . . .
[5] McBride v. State, 22 So. 711, 713 (Fla. 1897).
[6] 111 So. 801, 813 (Fla. 1927).
[7] 179 So. 149, 152 (Fla. 1938).
[8] And see, 38 C.J.S. Gambling s. 5 (contest does not become a wager by the mere fact that contestants are required to pay an entrance fee, where the entrance fee does not specifically make up the purse or premium contested for). See also, s. 849.141, F.S., which states that bowling tournaments conducted at a bowling center which requires the payment of entry fees and from which fee the winner receives a purse or prize do not violate Ch. 849, F.S. The Senate Staff Analysis and Economic Impact Statement for SB 356, dated April 8, 1985, states that "[a]n entry fee which does not specifically make up the purses, prizes or premiums contested for is not considered a wager in violation of section 849.14, F.S., however, entry fees by participants which specifically make up the `pot' in which they compete for is considered a wager in violation of section 849.14, F.S."
[9] 202 So.2d 608 (4 D.C.A. Fla., 1967).
[10] Id. at 609. Cf., AGO 66-41 stating that where the payment of an entrance fee by each competitor in a golf tournament does not specifically make up the purse or prize, the gambling laws are not violated.